[Cite as *State v. Stratos*, 2022-Ohio-4271.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 30101 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE COURT OF COMMON PLEAS |
| SETH STRATOS | COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 19 11 3842 |

DECISION AND JOURNAL ENTRY

Dated: November 30, 2022

HENSAL, Presiding Judge.

**{¶1}** Seth Stratos appeals his sentence from the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

**{¶2}** In 2020, Mr. Stratos pleaded guilty to one count of escape and was sentenced to two years of community control. Upon his release from jail, Mr. Stratos was supposed to report to the Summit County Probation Department. He did not report, however, and did not respond to any notifications sent to his address on record. In June 2021, the police detained him for violating community control after arresting him on unrelated misdemeanor offenses. Following a hearing, the trial court found that Mr. Stratos violated the terms of his community control and sentenced him to 12 months. Mr. Stratos has appealed, assigning as error that the trial court incorrectly ordered him to serve his sentence consecutive to any other term of imprisonment.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN ORDERING MR. STRATOS'S SENTENCE
BE SERVED CONSECUTIVE TO ANY OTHER TERM OF IMPRISONMENT.

{¶3} Mr. Stratos argues that it was incorrect for the trial court to sentence him to consecutive terms of imprisonment because the offense of escape that he originally committed did not require such a sentence. In reviewing a felony sentence, "[t]he * * * standard for review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2). "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that: (1) "the record does not support the trial court's findings under relevant statutes[,]" or (2) "the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶4} "A court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum." *Schenley v. Kauth*, 160 Ohio St. 109 (1953), paragraph one of the syllabus. A review of the trial court's sentencing entry indicates that the court did not sentence Mr. Stratos to consecutive sentences as he has alleged.

{¶5} At the sentencing hearing, the prosecutor opined that, because Mr. Stratos's conviction had been for escape, his sentence had to run consecutive by law. In response, the court indicated that it was not sure that the prosecutor was correct, especially because Mr. Stratos did not have any other sentences at the time. It explained, however, that it would examine the issue. In its sentencing entry, the only provision discussing consecutive sentences concerns what could

happen if Mr. Stratos is placed on post-release control and he commits a new felony offense while on post-release control.

{¶6} Upon review of the record, Mr. Stratos has not established that the trial court incorrectly ordered him to serve his sentence consecutive to any other term of imprisonment. His assignment of error is overruled.

III.

{¶7} Mr. Stratos's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, J.
SUTTON, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

ALAN M. MEDVICK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.